WENTWORTH, Judge.
Appellant was injured in a compensable accident which resulted in a 5% permanent physical impairment rating by his treating physician. However, appellant testified to continuing disabling pain and the doctor indicated that such pain was not inconsistent with the injury in question. A claim was filed for permanent total disability, and after a hearing the deputy found that claimant suffered a 50% permanent disability based on loss of wage earning capacity.
In denying appellant’s claim for permanent total disability benefits the deputy commissioner made the following finding:
7. I find that the claimant has sustained a 50% diminution of wage earning capacity. I make this finding from the testimony of Murray Zolt, James Mack, Fred Collins, and John Green, rehabilitative experts, who even though they testified that they had been unable to obtain the claimant employment, they were of the opinion that there was employment available that the claimant could do in his present physical condition. I further make this finding from the fact that the claimant is employed with Goodwill Industries where he makes thirty five dollars a week and I realize that this is a sheltered employment situation, (e.s.)
A review of the record shows that the testimony of the specified witnesses was contrary to that stated in the order. Without exception they testified that claimant was not employable in the current market in the area based on their observation of his physical and mental limitations.
The employer/carriers’ position is that the denial of permanent total disability should be affirmed because we must assume that the deputy commissioner did not believe that appellant’s pain rendered him totally disabled. Therefore, they assert, the award is supported by competent substantial evidence.
The credibility of subjective complaints may of course affect a deputy’s determination of disability based on a claimant’s loss of earning capacity. Thus, the denial of permanent total disability compensation in this case might be affirmed if the order were so premised instead of being based on an erroneous finding as to the rehabilitation experts’ deposition testimony.
Since credibility determinations are beyond our appellate functions, the erroneous decretal portion of the order is vacated and the cause is remanded for redetermination consistent with this opinion on the existing record of claimant’s permanent disability. As to all other points raised in the appeal and cross-appeal the order is affirmed.
MILLS and THOMPSON, JJ., concur.